IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

TOM FREDRICK FIELDS, III,  )
         Petitioner,  )
    v.  )    CV 119-109
WARDEN BERRY,  )
         Respondent.  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed *in forma pauperis* be **DENIED AS MOOT**, (doc. no. 2), and this case be **DISMISSED** without prejudice and **CLOSED**.

### I. BACKGROUND

According to the petition and publicly available court dockets, Petitioner was sentenced on January 26, 2012, in the Superior Court of Columbia County, Georgia. (Doc. no. 1, p. 1.) On some unknown date, Petitioner was released on parole. (Id.) On March 5, 2019, Petitioner was indicted in the Superior Court of Richmond County, Georgia for aggravated child molestation, aggravated sexual battery, criminal attempt to commit a felony, and three counts of child molestation. See State v. Fields, Case No. 2019RCCR00372 (Richmond Cty. Sup. Ct. March 5, 2019), *available at* http://coc.augustaga.gov (follow

"Criminal Search" hyperlink; then search "Fields, Tom" last visited July 29, 2019).[1] Attorneys Nathan Stuckey and Jessica Huff represent Petitioner in his state court proceedings. Id. Based on the new charges in Richmond County, Petitioner alleges the State Board of Pardon and Parole revoked his parole to serve the remainder of his sentence in a state penitentiary. (Doc. no. 1, p. 1.) Petitioner is now incarcerated at Autry State Prison Pelham, Georgia while his charges in Richmond County are pending. (Id.); Fields, Case No. 2019RCCR00372. Petitioner has filed numerous letters with the Richmond County Superior Court in addition to submitting "Consolidated Motions and Demands For Discovery, Statements, Scientific Reports, and Other Enumerated Motions." Fields, Case No. 2019RCCR00372. The docket does not reflect final resolution of the consolidated motions. Id.

On July 8, 2019, Petitioner filed the instant § 2241 habeas petition in the Middle District of Georgia, stating six grounds of relief regarding the indictment and Fourth Amendment violations of his pending charges. (Doc. no. 1.) On July 23, 2019, United States District Court Judge Leslie A. Gardner transferred the petition to the Southern District of Georgia. (Doc. no. 5.) In the transfer order, Judge Gardner stated Petitioner was challenging his conviction in the Superior Court of Columbia County, Georgia. (Id.) However, after reviewing Petitioner §2241, it is clear Petitioner is actually challenging the pending charges in the Superior Court of Richmond County because he cites to the Richmond County Superior Court case number and references dates in that case. (See doc. no. 1.) Petitioner has not filed any appeals or state habeas petitions. (Id. at 2-5.) In his

---

[1] See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (explaining court may take judicial notice of another court's record to establish existence of ongoing litigation and related filings); see also United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.")

current federal petition, Petitioner claims (1) the indictment filed against him in Richmond County Superior Court failed to identify the dates of the criminal offenses; (2) the indictment also failed to allege the place of the crime; (3) his counsel were ineffective for not challenging the validity of the indictment; (4) the Richmond County Superior Court failed to grant him a preliminary hearing; (5) he has a right to an indictment perfect in form and substance; and (6) the indictment was not filed in open court. (Id. at 5-9.)

## II. DISCUSSION

### A. Exhaustion

The petition should be dismissed because Petitioner has not exhausted state court remedies. Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures. Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." Turner v. Morgan, No. 3:12cv188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by*, 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citation omitted). Put differently, the exhaustion doctrine prevents "pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes, absent a petitioner's exhaustion of his state court remedies." Id. (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 493 (1973)).

Nothing in Petitioner's filings suggests he has been prevented from asserting his current

claims in his state court proceedings. Indeed, based on the Court's review of the relevant state docket, Petitioner's consolidated motions are outstanding, and his case has not even been set for trial. Moreover, Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning the validity of his indictment. See Henderson v. Hames, 697 S.E.2d 798, 801-03 (Ga. 2010); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions). Therefore, the Court concludes Petitioner has not satisfied the exhaustion requirement.

### B. Younger Abstention

The petition is also due to be dismissed because this Court should not interfere with Petitioner's ongoing state prosecution. The Supreme Court has repeatedly ruled that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger v. Harris, 401 U.S. 37 (1971)). There are three exceptions to this rule that warrant federal court intervention: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Turner, 2012 WL 2003835, at *2 (citing Younger, 401 U.S. at 45).

None of the three exceptions to the Younger doctrine apply to Petitioner's case. Petitioner fails to make "substantial allegations" with evidentiary support that his state prosecution is motivated by bad faith. See Younger, 401 U.S. at 48-49 (noting allegations in previously decided case granting injunction were "substantial" and explaining bad faith prosecutions are brought without intention of obtaining conviction or for harassment). Nor

4

has Petitioner made any viable allegation of irreparable injury.  See id. at 53-54 (finding irreparable injury if statute of prosecution is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or other unusual circumstances require equitable relief).  Finally, Petitioner's ongoing state prosecution provides an adequate state forum where any constitutional issues can be raised.  Therefore, the Court should abstain from reaching the merits of Petitioner's § 2241 petition.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed *in forma pauperis* be **DENIED AS MOOT**, (doc. no. 2), and this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of July, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA